UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-61320-CIV-SEITZ /O'SULLIVAN

JACKIE BLUNT,

        Petitioner,

v.

FARA GOLD, et al.,

        Respondents.
_____/

## ORDER GRANTING MOTION FOR LEAVE TO AMEND AND DISMISSING AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

THIS MATTER is before the Court on the Plaintiff's Motion To Amend Complaint [DE-7, DE-8].[1] Plaintiff filed this Motion after the Honorable Patrick A. White, Magistrate Judge, issued a Report and Recommendation [DE-6] that this action filed under 28 U.S.C. § 1983 be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Specifically, Judge White found that Petitioner's Complaint asserting claims against the prosecutor, defense attorneys and the judge that administered the case in which he was convicted necessarily failed because each party was immune from a § 1983 action, and, to the extent that Petitioner was challenging his convictions, Petitioner should have raised such claims in a habeas petition.

Petitioner filed a timely Motion to Amend his Complaint in response to the Report and Recommendation ("R&R"). Since none of the Respondents have filed an answer, the Court must grant Petitioner's request to file an Amended Complaint. Fed. R. Civ. P. 15(a)(1); *Brown v.*

---

[1] Petitioner appears to have inadvertently filed his Motion twice under separate docket entries.

1

*Johnson*, 387 F.3d 1344, 1348 (district court may not dismiss an *in forma pauperis* complaint pursuant to §1915(e)(2)(B)(ii) without allowing leave to amend when required by Rule 15).

However, Plaintiff's Amended Complaint does not address the critical defects that Judge White correctly identified in Plaintiff's original Complaint. First, Plaintiff's Amended Complaint continues to assert claims for damages under § 1983 against the prosecutor, defense counsel and judge in the underlying criminal case. Judges are immune from damages under a § 1983 action for judicial acts done within the jurisdiction of the court. *Forrester v. White*, 484 U.S. 219 (1988); *Roland v. Phillips*, 19 F.2d 552, 555 (11th Cir. 1994). State prosecutors are immune from all activities "intimately associated with the judicial phase of the criminal process." *Rehberg v. Paulk*, 598 F.3d 1268, 1276 (11th Cir. 2010). Defense attorneys are similarly immune from suit under § 1983 as they do not act under color of state law when performing a lawyer's traditional function as counsel in a criminal proceeding. *Holt v. Crist*, 233 Fed. Appx. 900, 902 (11th Cir. 2007).

Second, Plaintiff's Amended Complaint continues to challenge his state convictions under § 1983 instead of 28 U.S.C. § 2254. However, a § 1983 action cannot be used to challenge a conviction unless it has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487-487 (1994). Plaintiff's conviction has not been called into question by any the proceedings listed above. Accordingly, it is hereby

ORDERED THAT

(1) Plaintiff's Motion to Amend his Complaint [DE-7, DE-8] is GRANTED.

(2) Plaintiff's Amended Complaint is DISMISSED for failure to state a claim.

(3) This case is CLOSED.

(4) Any pending motions are DENIED as they are moot.

DONE AND ORDERED in Miami, Florida, this __18th__ day of May, 2010.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge White
Counsel of Record/Pro se parties